Noel Grefenson, P.C.
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
Ngrefenson@aol.com

    Counsel for Defendant Herbert D. Zeno

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**Portland Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HERBERT D. ZENO,<br><br>    Defendant. | Case No.: 3:22-CR-00340-AB<br><br>DEFENDANT'S RESPONSE TO PETITION FOR VIOLATION OF SUPERVISED RELEASE |

    On July 10, 2025, Defendant Herbert Zeno will appear before the Court for a supervised release revocation hearing. In his March 5, 2025, Supervised Release Violation Recommendation, U.S. Probation Officer, Brandon Bowen, recommends that the Court revoke Mr. Zeno's supervision and imprison him for 24 months followed by a 21-month additional term of supervised release. The government will likely concur with this recommendation. For the reasons discussed below, Mr. Zeno requests that the Court revoke his term of supervised release, sentence him to time served and three to six months of community confinement at NWRRC with stringent conditions to enter and complete any and all recommended dual diagnosis programs to

1 – DEFENDANT'S RESPONSE TO PETITION FOR VIOLATION OF SUPERVISED RELEASE

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

address his mental illness and comorbid substance abuse issues.

1. ALLEGED VIOLATIONS AND RESPONSE:

Mr. Zeno and defense counsel have personally met on multiple occasions to review and discuss the allegations made against him in this proceeding. The following is a summary of each alleged violation and the response Mr. Zeno will provide to the Court at his hearing.

(a) **Mandatory Condition No. 1 – Do not commit another federal, state, or local crime**:

On January 25, 2023, Vancouver officers arrested Mr. Zeno after he lost control of his vehicle and struck a utility pole. They determined that he was under the influence of intoxicants and placed him under arrest.  In the vehicle, officers located a loaded, Taurus .38 special revolver with two spent casings, an open bottle of vodka, a handgun magazine, and a trigger assembly. Mr. Zeno was subsequently convicted in Clark County Superior Court (Case No. 23-1-00257-06) of Unlawful Possession of a Firearm in the First Degree, Driving Under the Influence, Driving While Suspended, and Ignition Interlock Violation.

**Response** – Mr. Zeno will admit this violation.

(b) **Special Condition – Abstain from alcohol and participate in substance abuse treatment including urinalysis testing**:

After his release, Mr. Zeno failed to attend a scheduled treatment assessment, missed mandatory drug tests, and used controlled substances and alcohol. He admitted to alcohol use shortly after his release and tested positive for marijuana on July 16, 2024. On August 18, 2024, he tested positive for both methamphetamine and alcohol.

**Response** – Mr. Zeno will admit this violation conduct.

(c) **Standard Condition No. 2 – Report to probation as instructed**:

On or about October 24, 2022, approximately six weeks after supervision commenced, Mr.

2 – DEFENDANT'S RESPONSE TO PETITION FOR VIOLATION OF SUPERVISED RELEASE

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

Zeno ceased all contact with the probation office and remained a fugitive from supervision until his arrest by the United States Marshals Task Force on March 4, 2025.

**Response** – Mr. Zeno will admit this violation.

(d) **Standard Condition No. 10 – Do not possess or have access to a firearm, ammunition, or dangerous weapon:**

This violation involves the same violation conduct as that alleged for Mandatory Condition 1 above.

**Response** – Mr. Zeno will admit this violation conduct.

2.     APPLICABLE LAW:

Mr. Zeno agrees that one or more of his violations constitute a Grade B violation and further agrees with Probation's summary of the statutory and guidelines impact and the 21-to-27-month imprisonment range per USSG §7B1.3(a)(1) and Criminal History Category VI. The Court, however, has broad discretion to determine the appropriate disposition following a violation of supervised release.

The sentencing ranges set forth in Chapter 7, however, are not mandatory but merely advisory. See *United States v. Miqbel*, 444 F.3d 1173, 1176–77 (9th Cir. 2006). Accordingly, the Court may impose a sentence outside the Chapter 7 range provided it articulates a reasonable basis grounded in the statutory factors. See *United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009).

3.     DISPOSITION:

On November 21, 2016, the Federal District Court for the Western District of Washington sentenced Mr. Zeno to serve ten years in the BOP upon his conviction for Felon in Possession of a Firearm. The statutory maximum term for that offense was 120 months. The PSR upon which the

3 – DEFENDANT'S RESPONSE TO PETITION FOR VIOLATION OF SUPERVISED
     RELEASE

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

Court relied to fashion that sentence includes the following paragraph to describe Mr. Zeno's "Mental and Emotional Health":

> The defendant reported he was diagnosed with attention deficit disorder in 1999. He was prescribed some kind of medication for this condition, but he never took it and never participated in any counseling or other treatment services.

(PSR pg. 13, ¶ 75). That same document provides an extensive description of Mr. Zeno's long history of abusing controlled substances with no relation to his mental health. (*Id*. ¶ 76).

On September 29, 2022, Mr. Zeno's case was transferred from the Western District of Washington to the District of Oregon. As detailed in Probation's recommendation, Mr. Zeno absconded several months after his term of supervised release began and he did not surface until his arrest on January 25, 2023, for possession of a firearm and driving intoxicated.

Probation now looks to that arrest and those resulting convictions to support revocation and imposition of the maximum incarceration term available. As a result of that arrest and resulting state court prosecution, Mr. Zeno's attorney painted an entirely different picture of him from that which appears in his PSR and belies references to the exceedingly "violent criminal history" attributed to him by Probation.

From the information she uncovered, Mr. Zeno's state counsel determined that he was a prime candidate for imposition of Washington's Mental Health Sentencing Alternative (MHSA) which is governed by RCW 9.94A.695. To be eligible for entry into the MHSA, Mr. Zeno had to meet the following criteria, which is detailed in his counsel's memorandum:

1. The individual has a serious mental illness recognized by the diagnostic manual in use by mental health professionals at the time of sentencing;

2. The crime of conviction is a felony offense that is not a serious violent or sex offense;

4 – DEFENDANT'S RESPONSE TO PETITION FOR VIOLATION OF SUPERVISED RELEASE

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

      3.      Both the individual and community would benefit from supervision and treatment; and

      4.      The individual is willing to participate in the sentencing alternative.

(Confidential Supplement to PSR, Attachment 1, pg 3) The mental health and substance abuse evaluations of Mr. Zeno prepared for that proceeding establish that he suffers from "multiple mental health issues including schizoaffective disorder – bipolar type, post-traumatic stress disorder, and generalized anxiety disorder as well as a substance use disorder." (*Id*., Attachment 2, Attachment 3).[1] Mr. Zeno was horribly traumatized during his childhood:

> Mr. Zeno grew up in poverty. He lived in a shelter with his mother and two younger siblings for a period of time. His grandparents were victims of homicide. His mother has mental health issues and was chemically dependent.

(*Id*. Attachment 1, pg. 2). Mr. Zeno's ACES score was ten out of ten. (*Id*. pg. 5)

Washington distinguishes violent offenses from "serious" violent offenses. Despite his lengthy criminal history, Mr. Zeno's counsel established that he had but one serious violent offense, a robbery – that offense occurred when he was nineteen years old, almost 20 years prior to his 2023 prosecution. (*Id*.)

As a result of the foregoing information, the Washington court found that Mr. Zeno met the eligibility requirements for entry into the MHSA and sentenced him accordingly. As noted in Probation's memorandum, as a result of his placement into the MHSA program, Mr. Zeno participated in mental health treatment with ADAPT in Vancouver and his participation is described as "relatively" consistent. (USPO Memo, pg. 3) Prior to this time, Mr. Zeno had never had any

---

[1] His counsel said a schizoaffective disorder in layman's terms is schizophrenia and a mood disorder combined. (*Id.* Attachment 1, pg. 4) Mr. Zeno was adept at concealing this mental illness although it provided a basis for him to receive Social Security in the past and he was renewing his SSDI at the time of arrest (*Id*.)

Mr. Zeno provides Attachments B and C for reference but does not detail their content in this memorandum.

5 – DEFENDANT'S RESPONSE TO PETITION FOR VIOLATION OF SUPERVISED RELEASE

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

significant treatment for his serious mental health issues and related abuse of controlled substance. Probation acknowledges that he participated in groups and was actively engaged in the treatment process. [2]

At his hearing, Mr. Zeno will describe the benefits he obtained from his participation in treatment and his desire to pursue further treatment as soon as possible. He graduated from the ADAPT Program. He participated three times a week for three hours a session, then transitioned to online treatment sessions of four hours a week for two hours a session and then went to one two-hour session a week for eight weeks. Mr. Zeno admits he did intermittently fall off the wagon, but he was headed in the right direction when he absconded after being summoned by this Court to appear for an October 9, 2024, status conference.

In deciding an appropriate disposition, this Court should consider that much of the violation conduct at issue in this hearing occurred prior to Mr. Zeno's entry into the MSHA program. No summons or warrant issued for an SRV in this federal case following his arrest in January 2023, or his conviction and sentence to MSHA in April of 2024. To now rely on that conduct to impose the maximum incarceration term on him seems unfair. The true conduct at issue is really his failure to report and that failure was driven by a fear of further incarceration. There have been no additional law violations since April of 2024.

Mr. Zeno's prosecution in Washington has made it abundantly clear that he requires continued and sustained participation in dual diagnosis treatment. Delaying that process by throwing him in prison for two more years is not necessary or reasonable. He is willing to resume a stringent

---

[2] Probation was unable to obtain records from these programs and counsel, through the assistance of an investigator, was also unable to obtain them.

6 – DEFENDANT'S RESPONSE TO PETITION FOR VIOLATION OF SUPERVISED RELEASE

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com

treatment program under the supervision of US Pretrial Services. A sentence of time served with an additional three to six months at NWRRC allow him a structured environment and opportunity to enter and participate in recommended mental health and treatment programs, seek employment, obtain housing and finally gain the stability he requires to live in the community.

Finally, Mr. Zeno will need to clear his violations of his MHSA sentence. A review of Washington law suggests that Washington Court has broad discretion to address an abscond violation and it appears unlikely that he will face an incarceration sentence, particularly if this Court sentence advocates for his participation in continued treatment.

4. CONCLUSION:

In this case, Probation recommends imposition of the maximum available revocation sanction for Mr. Zeno. A closer examination of Mr. Zeno's life circumstances and violation conduct supports a less punitive disposition—one that emphasizes rehabilitation over incarceration. Mr. Zeno requires intensive treatment. He started down that road and engaged himself in the process so demonstrates an amenability that should be pursued again under structured supervision. The proposed disposition suggested by the defense with a renewed focus on treatment and accountability, would better address the root causes of Mr. Zeno's violation conduct. Such a sentence is not only permissible but consistent with the discretionary authority vested in the Court under § 3583(e).

Dated: July 8, 2025.

/s/ Noel Grefenson
Noel Grefenson, OSB No. 882168
Counsel for Defendant Herbert D. Zeno

7 – DEFENDANT'S RESPONSE TO PETITION FOR VIOLATION OF SUPERVISED RELEASE

Noel Grefenson PC
Attorney at Law
1415 Liberty Street SE
Salem, Oregon 97302
(503) 371-1700
NGrefenson@aol.com